## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

Lyle W. Cayce
Clerk

No. 12-11215
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD HAMPTON, III,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-245-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Edward Hampton, III, pleaded guilty to theft of mail by a postal employee, a violation of 18 U.S.C. § 1709. He was sentenced to 24 months of imprisonment and two years of supervised release. He was also ordered to pay restitution in the amount of $166,116.47. Hampton challenges the loss calculation and the restitution order. He argues that the evidence was not sufficient to show that he was responsible for four of the seven Express Mail parcels upon which the loss calculation and restitution order were based.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's calculation of the amount of loss under United States Sentencing Guideline § 2B1.1(b)(1)(G) for clear error. *United States v. Sanders*, 343 F.3d 511, 520 (5th Cir. 2003). Our review of the district court's "quantum of an award of restitution is for abuse of discretion" and review of its factual findings is for clear error. *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir.), *petition for cert. filed* (Apr. 30, 2012) (No. 12-1312).

The presentence report (PSR) reflected the following:  On May 21, 2009, the owner of Tilak Jewelers (Tilak), in Irving, Texas, contacted United States Postal Inspector M. Dotson and informed him that he had not received several Express Mail parcels that had been mailed to his business.  The parcels contained jewelry. The undisputed evidence showed that in July 2007, Hampton became the employee solely responsible for picking up the Express Mail from that station.  On February 18, 2010, postal inspectors placed a "bogus" Express Mail parcel addressed to Tilak into the mail system.  The bogus package contained imitation earrings.  Hampton was seen leaving the postal station with the bogus parcel.  Hampton was subsequently detained and interviewed; he admitted to stealing three Express Mail parcels in 2009.

In this case, the PSR set forth the evidence relied upon in making the loss determination, and the district court was "in a unique position to assess the evidence and estimate the loss based upon that evidence"; the court was required only to "make a reasonable estimate of the loss."  § 2B1.1, comment. (n.3(C)). Hampton admitted to stealing three Express Mail parcels containing jewelry in 2009 and did not deny taking the bogus parcel.  The information in the PSR was derived from Hampton's admissions and investigative reports prepared by the U.S. Postal Inspection Service as well as interviews with the Postal Inspector. The district court's finding that Hampton was responsible for at least four more thefts of parcels from a route for which he was solely responsible is plausible in light of the evidence as a whole.  *See Sanders,* 343 F.3d at 520.  Moreover, Hampton's challenge to the district court's calculation of the amount he owed as

No. 12-11215

restitution is likewise unavailing because our review of the record shows no abuse of discretion. *See Sharma*, 703 F.3d at 322.

The judgment of the district court is AFFIRMED.